UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN EZRA BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARLO A. SPIGA,<br><br>　　　　　Defendant. | NO. CV 15-8585-ODW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

　　　　Contrary to Plaintiff's argument, his claims that his defense counsel obstructed justice and conspired with the prosecutor to deprive Petitioner of his constitutional rights in his criminal case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Report at 8 (citing cases).)

　　　　In his objections, Plaintiff complains about Defendant's responses to discovery. Plaintiff complains that Defendant has withheld Plaintiff's trial transcripts and court records in an attempt to obstruct Plaintiff's pending petition for writ of habeas corpus, *Brown v. Lizarraga*, CV 16-2935 ODW (AGR). The docket in Plaintiff's pending habeas case indicates that Respondent has lodged the Reporter's Transcripts and

| | |
|---|---|
| 1 | Court Clerk's Transcripts in that case.  (Dkt. Nos. 8, 23, 38.)  Moreover, defense |
| 2 | counsel represents that he gave his entire court file in Plaintiff's criminal case to |
| 3 | Plaintiff's wife, Becky Brown, several years ago.  (Dkt. No. 50 at 3.)  Plaintiff also |
| 4 | complains that Defendant has not produced his retainer agreement signed by Ms. |
| 5 | Brown.  Defendant represented that he produced all contracts/invoices for services in |
| 6 | Plaintiff's complaint to Plaintiff.  (*Id.* at 3.)  Defendants further represents that he has |
| 7 | produced his emails and written communications to Ms. Brown and the prosecutor, |
| 8 | Ms. Rose.  (*Id.* at 3-4.)  Plaintiff previously attached Defendant's letter dated |
| 9 | November 2, 2017 on these issues.  (Dkt. No. 57 at 9-10.) |

Although Plaintiff does not believe Defendant's representations (Dkt. No. 63), "[a] plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." *Unilin Beheer B.V. v. NSL Trading Corp.*, 2015 U.S. Dist. LEXIS 192143, *5 (C.D. Cal. Feb. 27, 2017).

Moreover, the requested discovery would not aid Plaintiff in avoiding the *Heck* bar on his claims.

IT IS ORDERED that (1) Defendant's motion for judgment on the pleadings is granted (Dkt. No. 44) and this action is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff's request for a stay is denied; (3) Plaintiff's motions for summary judgment are denied without prejudice as moot (Dkt. Nos. 40-41); and (4) Plaintiff's motion for default judgment is denied (Dkt. No. 46).

DATED:  July 13, 2018

OTIS D. WRIGHT, II
United States District Judge